■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LEROY BROWN, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered December 20, 1989, convicting defendant, on his plea of guilty, of criminal possession of a controlled substance in the second degree and sentencing him to an indeterminate term of from six years to life, unanimously affirmed.

Defendant's *pro se* motion to withdraw his guilty plea, pursuant to CPL 220.60 (3), and a subsequent motion, with the aid of counsel, to reopen the suppression hearing, on the ground of ineffective assistance of counsel at the *Mapp* hearing, were properly denied. Defendant was found in possession of narcotics while a passenger in a taxicab that had been stopped for a traffic infraction. After defendant's motion to suppress the physical evidence was denied, defendant pleaded guilty. Defendant subsequently moved, both *pro se* and through new counsel, to withdraw his plea and reopen the *Wade* hearing, based on, *inter alia,* statements obtained from the livery cab driver that he had committed no traffic infraction which would have justified the traffic stop.

The court committed no error in denying defendant's motion without a hearing. No assertion was made that defendant had advised counsel of the existence or whereabouts of the cab driver, allegedly a family friend. Under these circumstances, the fact that the cab driver might have been able to give favorable testimony, by itself, is insufficient to establish that these nonrecord facts were material, so as to require a hearing *(People v Ferreras,* 70 NY2d 630). Defendant's remaining claim that the negotiated plea-bargained sentence imposed was excessive is meritless. *(People v Guerrero,* 155 AD2d 262, *lv denied* 75 NY2d 868.)* Concur—Sullivan, J. P., Milonas, Rosenberger, Wallach and Smith, JJ.